UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Fair Isaac Corporation,

    Plaintiff,

v.                                                 Civil No. 15-486 (JNE/FLN)
                                                      ORDER

Michael Gordon and Callcredit Information
Group Limited,

    Defendants.

     Invoking 28 U.S.C. § 1332 (2012), Fair Isaac Corporation brought this action against Michael Gordon and Callcredit Information Group Limited for breach of contract and tortious interference with contract. Fair Isaac's Motion for Temporary Restraining Order and Preliminary Injunction is scheduled to be heard on February 27, 2015. In light of statements made in Gordon's response to the motion, the Court questions whether subject-matter jurisdiction exists. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting that a court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it"); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." (citation omitted)). The Court grants the parties an opportunity to address whether subject-matter jurisdiction exists before the February 27 hearing. *See Laclede Gas Co. v. St. Charles Cnty.*, 713 F.3d 413, 416-17 (8th Cir. 2013) ("While we agree that it is preferable to resolve assertions of lack of jurisdiction when ruling upon a motion for a preliminary injunction or a motion for a temporary restraining

order, the district court's failure to do so, by itself, does not require reversal.");[1] *Hertz*, 559 U.S. at 96 ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it.").

A district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(3). In its Complaint, Fair Isaac alleged that it "is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business . . . in San Jose, California"; that Gordon "currently resides . . . in Greenwich, Connecticut"; that Callcredit "is a corporation with its headquarters . . . in Leeds, West Yorkshire, England, which now employs Gordon as its Chief Executive Officer"; and that the amount in controversy exceeds $75,000, exclusive of interest and costs. Thus, Fair Isaac alleged that it is a citizen of Delaware and California, *see* 28 U.S.C. § 1332(c)(1); that Gordon is a citizen of Connecticut, *see Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 778 & n.6 (8th Cir. 2014); and that Callcredit is a citizen of a foreign state, *see* 28 U.S.C. § 1332(c)(1); *Hertz*, 559 U.S. at 92-93.[2]

In his response to Fair Isaac's motion, Gordon submitted a declaration in which he stated that he "live[s] and work[s] in the United Kingdom." If Gordon was domiciled in

---

[1]   Callcredit moved to dismiss for lack of personal jurisdiction. Its motion is scheduled to be heard on April 9, 2015.

[2]   Fair Isaac alleged that "Callcredit is a citizen or subject of a foreign sovereign" for purposes of the Court's jurisdiction. Fair Isaac failed to allege by what foreign state Callcredit was incorporated. *See* 28 U.S.C. § 1332(c)(1).

2

3

the United Kingdom when Fair Isaac brought this action, then Gordon is not a citizen of any state, *see, e.g.*, *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989); *Freidrich v. Davis*, 767 F.3d 374, 377-78 (3d Cir. 2014); *Büchel-Ruegsegger v. Büchel*, 576 F.3d 451, 455 (7th Cir. 2009), and subject-matter jurisdiction under § 1332(a)(3) does not exist.

On or before 5 p.m. on Wednesday, February 25, 2015, Fair Isaac may address whether subject-matter jurisdiction exists by submitting a memorandum and affidavits. Gordon and Callcredit may respond on or before 5 p.m. on Thursday, February 26, 2015.

IT IS SO ORDERED.

Dated: February 24, 2015

s/Joan N. Ericksen<br>JOAN N. ERICKSEN<br>United States District Judge