UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Fair Isaac Corporation,

      Plaintiff,

v.                                        Civil No. 15-486 (JNE/FLN)
                                        ORDER

Michael Gordon and Callcredit Information
Group Limited,

      Defendants.

Invoking the jurisdiction conferred by 28 U.S.C. § 1332 (2012), Fair Isaac

Corporation brought this action on February 10, 2015, against Michael Gordon and

Callcredit Information Group Limited for breach of contract and tortious interference

with contract.  The same day, Fair Isaac moved for a temporary restraining order and a

preliminary injunction.  The motion was scheduled to be heard on February 27.

On February 23, Callcredit filed a motion to dismiss for lack of personal

jurisdiction.  The motion was scheduled to be heard on April 9.

Gordon responded to Fair Isaac's motion on February 23.  Statements made in his

response caused the Court to question whether subject-matter jurisdiction exists.  Thus,

on February 24, the Court ordered Fair Isaac to address the issue by 5 p.m. on February

25.  The Court ordered Gordon and Callcredit to respond by 5 p.m. on February 26.  The

parties timely submitted memoranda and declarations.

By letter dated February 26, Fair Isaac notified the Court that the parties had

agreed to mediation and to a proposed order withdrawing Fair Isaac's motion, preserving

1

the parties' other rights, and staying the action for approximately two months.  The Court

issued the parties' proposed order.

On March 16, the parties filed a Stipulated Motion to Delay Further Briefing or

Pleading.  The Court granted the motion.  Thus, Gordon must answer or otherwise

respond to the Complaint by May 5.  Because the parties did not resolve their dispute,

Callcredit's motion to dismiss is deemed timely filed on April 27.  Briefing proceeds

according to the schedule set by D. Minn. LR 7.1(c).

On April 29, Fair Isaac filed a Motion for Preliminary Injunction.  "[T]he

requested injunction may still issue," Fair Isaac argued, "notwithstanding any potential

concerns about the possible lack of subject-matter jurisdiction."  *But see Laclede Gas Co.*

*v. St. Charles Cnty., Mo.*, 713 F.3d 413, 416-17 (8th Cir. 2013) (stating that "it is

preferable to resolve assertions of lack of jurisdiction when ruling upon a motion for a

preliminary injunction").  The Court sets the following briefing schedule.  *See* D. Minn.

LR 7.1(d).  Gordon and Callcredit shall respond to Fair Isaac's Motion for Preliminary

Injunction by May 18.  Fair Isaac shall file its reply within 14 days of the date that

Gordon and Callcredit respond to the motion.

The issue raised by the Court on February 24—whether subject-matter jurisdiction

exists—remains unresolved.  The Court expects that Gordon's response to the Complaint

will include a motion to dismiss for lack of subject-matter jurisdiction.  *See* Fed. R. Civ.

P. 12(b)(1).  If Gordon files a motion to dismiss, then Fair Isaac shall respond to his

motion by May 18.  Gordon shall file a reply within 14 days of the date that Fair Isaac

files its response.[1]

      The Court will hear Callcredit's motion to dismiss for lack of personal

jurisdiction, Gordon's anticipated motion to dismiss, and Fair Isaac's Motion for

Preliminary Injunction on June 11, 2015, at 1 p.m. in Courtroom 12W of the U.S.

Courthouse in Minneapolis, Minnesota.

      IT IS SO ORDERED.

Dated: April 30, 2015

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

---

[1]    If Gordon does not file a motion to dismiss, then Fair Isaac shall file a supplemental memorandum, as well as affidavits, that addresses whether subject-matter jurisdiction exists by May 18.  Gordon and Callcredit shall respond within 14 days of the date that Fair Isaac files its supplemental memorandum.